UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TROY BUCKLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-055-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JANIS MARAINIS, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Troy Buckler, Jr. is an inmate currently confined at the Southeast State Correctional Complex in Wheelwright, Kentucky. Proceeding without an attorney, Buckler previously filed a civil complaint against Defendants Janis Marainis, Shawn Ramey, Christopher Barker, and Keath Helton pursuant to 42 U.S.C. § 1983 [R. 1] and a motion for leave to proceed *in forma pauperis*. [R. 3.] The Court granted Buckler's *in forma pauperis* motion, but was unable to meaningfully review Buckler's complaint because it failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Thus, the Court advised Buckler of these requirements and instructed him to file an amended complaint that clearly set forth the factual and legal basis for his claims. [R. 6.]

Buckler has now filed an amended complaint [R. 8], thus the Court will proceed with conducting the preliminary review of his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir.

1997). The Court evaluates Buckler's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Even so, a civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. In addition, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he or she allegedly did or did not do that forms the basis of the plaintiff's claim against them. *Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks and citation omitted). *See also Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).

In Buckler's amended complaint, he alleges that beginning on May 1, 2021, while Buckler was incarcerated at Little Sandy Correctional Complex ("LSCC"), C.T.O./case worker Janis Marainis "committed widespread sexual harassment staring in cells and showers for long periods of time unrelated to prison needs." [R. 8 at 2.] Buckler further alleges that Marainis made lewd comments and hand gestures. *Id*. Buckler states that he "then filed a PREA on June 18, 2021 to Cpt. Ramey," who acted as though he already had "knowledge" because "it is a tight knit community." *Id*. Buckler further alleges that neither Ramey nor Lt. Christopher Barker did anything about Buckler's complaint, which allowed Marainis to retaliate against Buckler by "using calculated sexual harassment with participants from G-wing" by making lewd comments

2

regarding Buckler. *Id*. at 2-4. Buckler states that this conduct continued from June 18 until he left LSCC in April 2022, causing him stress. *Id*. at 2-3. According to Buckler, he began psychiatric observation in January of 2022 because of concerns of self-harm and is currently on medication and undergoing counseling. *Id*. at 3. Buckler further alleges that Warden Keath Helton acted with deliberate indifference against him because he "abandoned specific duties of his position such as implementing PREA complaint procedures and failure to carry out these duties resulted directly in a violation of my 8th Amendment right." *Id*. at 4.

Based upon these allegations, Buckler claims that Defendants have violated various Kentucky statutes, including KRS §§ 35.679, 421.500, 411.454, 63.090, and 63.100 to 63.160, as well as a statute identified only as "Kentucky newly enact not yet numbered." [R. 1 at 4.] Buckler also brings claims alleging violations of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, as well as his rights under the Section 2 of the Kentucky Constitution. As relief, he seeks injunctive relief and monetary damages in the amount of approximately $4 million. *Id.* at 10.

After conducting the initial review of Buckler's amended complaint, the Court concludes that a response is required from Marainis with respect to Buckler's First Amendment retaliation claim against her, which is based upon Buckler's allegations that Marainis subjected him to targeted sexual harassment in response to his PREA complaint.[1] Because Buckler is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and complaint on Buckler's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, the

---

[1] To clarify, the Court reaches no conclusion at this time regarding whether this claim will survive a dispositive motion but leaves such arguments to Marainis to develop and present should she choose to do so.

remainder of Buckler's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

    First, despite Buckler's references to a variety of Kentucky statutes, none of the statutes to which he cites apply in these circumstances, nor do they give rise to a private cause of action. For example, KRS § 35.679 sets forth the offense of sexual harassment for purposes of court-martial proceedings applicable to members of the state military force, thus these provisions do not apply in this civil case.  Similarly, KRS § 421.500 defines the term "victim" for purposes of Kentucky's crime victim and witness protection statutes intended to protect the rights of crime victims and witnesses participating in various court proceedings.  *See generally* KRS §§ 421.500 to 421.575.  However, nothing in these statutory provisions "creates a cause of action for money damages against the state, a county, a municipality, or any of their agencies, public officials, or employees."  KRS § 421.550(1).  Moreover, KRS §§ 63.090 and 63.100-63.160 set forth the procedures for removal of a peace officer guilty of neglect of duty and do not create a private cause of action.  *See* KRS § 63.090 and 63.100-63.160.  Finally, there is no KRS § 411.454.  Obviously, Buckler may not bring a claim for violation of a non-existent statute.  For all of these reasons, Buckler's claims based upon his allegations of violations of Kentucky statutory law will be dismissed for failure to state a claim for which relief may be granted.

    Nor do Buckler's allegations that Defendants (including Helton) failed to follow the procedures required by the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.*, state a claim for relief, as the PREA does not create a private cause of action.  The PREA was enacted to address the problem of rape in prison by creating national standards regarding its detection, prevention, reduction, and punishment, as well as by increasing the available data and information on the incidence of prison rape, and by authorizing Federal expenditures through

grant programs related to the issue. *See* 34 U.S.C. § 30302 (listing the purposes of the PREA). However, where neither the text nor the structure of a statute indicate that Congress intended to create new individual rights, "there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe,* 536 U.S. 273, 286 (2002). As "nothing in [the PREA] indicates an intent to give specific rights to prisoners…under *Gonzaga*, the Court cannot conclude that a private right of action exists." *Perry v. Warden Warren Corr. Inst.*, No. 1:20-CV-30, 2020 WL 4013038, at *1 (S.D. Ohio July 16, 2020), *appeal dismissed*, No. 20-3889, 2020 WL 8618189 (6th Cir. Oct. 5, 2020).

Thus, district courts in this Circuit have consistently concluded that the PREA "does not create a private cause of action which can be brought by an individual plaintiff." *See Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (collecting cases). *See also Taylor v. Battle*, No. 1:22-CV-509, 2022 WL 3152234, at *8 (W.D. Mich. Aug. 8, 2022); *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *3 (W.D. Ky. Feb. 18, 2022); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 WL 2986262, at *5 (E.D. Ky. May 20, 2016); *Duncan v. Grief*, No. 5:17-CV-P42-GNS, 2017 WL 3014827, at *4 (W.D. Ky. July 14, 2017). For these reasons, Buckler's claim that Helton "abandoned specific duties of his position such as implementing PREA complaint procedures"—in addition to being unduly vague—fails to state a claim for which relief may be granted against Helton.

Turning to Buckler's First Amendment retaliation claims against Ramey, Barker, and Helton, personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 Fed. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Indeed, "[e]ven a pro se prisoner must link his allegations to

5

material facts…and indicate what each defendant did to violate his rights." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F. 3d 468, 471 (6th Cir. 2010)); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Thus, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

Marainis is the only Defendant whom Buckler alleges was directly involved in the retaliatory harassment that he claims to have experienced. With respect to Ramey, Barker, and Helton, Buckler alleges that, although he filed a complaint with Ramey regarding Marainis's behavior, no one adequately responded to his complaint. However, prison officials are not liable under § 1983 for denying or failing to act on grievances, thus Buckler's allegation that none of these Defendants adequately responded to his grievance is insufficient to state a claim for relief against them. *Grinter*, 532 F.3d at 576. *See also Nwaebo v. Hawk-Sawyer*, 100 Fed. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Nor is status as a supervisor a sufficient basis for a § 1983 claim against any of these Defendants, as *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). *See also Iqbal*, 556 U.S. at 677 ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer.").

Buckler's Eighth Amendment claims based upon his allegations of Marainis's lewd comments and hand gestures, as well as his allegations that other staff did nothing in response to Buckler's harassment complaints, will also be dismissed for failure to state a claim for which relief may be granted. The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotation marks and citation omitted).

6

The Eighth Amendment "does not mandate comfortable prisons" but requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987). Rather, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). A prison official violates the Eighth Amendment only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) and (2) the prison official has a "sufficiently culpable state of mind," which is "one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297) (other citations omitted).

However reprehensible as the verbal sexual harassment by Marainis may be, it is well-established that verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Wingo v. Tenn. Dep't of Corr.*, 499 Fed. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding harassment and verbal abuse, while "shameful and utterly unprofessional...[they] do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Ivey*, 832 F.2d at 955. *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."); *Jackson v. Hopkins Cnty. Det. Ctr.*, No. 4:12CV-P82-M, 2012 WL 5472024, at *6 (W.D. Ky. 2012) ("[W]hile

7

reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983."). And, again, Buckler's allegations that neither Ramey, Barker, nor Helton adequately responded to Buckler's complaints regarding Marainis are not a sufficient basis for an Eighth Amendment claim against them, as prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter,* 532 F.3d at 576.

Turning to Buckler's claims under the Fourteenth Amendment, while Buckler includes "equal protection" and "deprivation of liberty 14th" among his rights that he claims were violated [R. 8 at p. 4], he alleges no facts at all in support of either claim. Similarly, Buckler refers to Section 2 of the Kentucky Constitution, which states, "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." Ky. Const. § 2.[2] However, he alleges no facts suggesting that any of the Defendants exercised "absolute and arbitrary power" in violation of the Kentucky Constitution. Buckler's mere reference to the Fourteenth Amendment and Section 2—devoid of any factual allegations in support of a claim for violation of either constitutional provision—is insufficient to state a claim for relief, as "[l]egal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563-64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.,* 604 F.3d 272, 276 (6th Cir. 2010) (other citations omitted)). *See also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Ctr. for Bio-Ethical Reform, Inc.*, 648 F.3d at 379 (6th

---

[2] "Section 2 is intended to curb the exercise of arbitrary authority by the government and 'is broad enough to embrace the traditional concepts of both due process of law and equal protection of the law.'" *See Jones v. Perry Cnty. Fiscal Ct.*, 185 F. Supp. 3d 947, 963 (E.D. Ky. 2016) (quoting *Bd. of Educ. v. Jayne,* 812 S.W.2d 129, 131 (Ky.1991)). Thus, "[t]he Sixth Circuit has determined that the United States Constitution and section 2 of the Kentucky Constitution should generally be construed together." *Id.* (citing *Sheffield v. City of Fort Thomas, Ky.,* 620 F.3d 596, 612-13 (6th Cir.2010)).

Cir. 2011) (allegations of disparate treatment amounting to "conclusory and unadorned assertions…are not well-pleaded, and not entitled to a presumption of truth" at the pleading stage of the litigation); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim, ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (quoting *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001)). Accordingly, absent any allegations of fact in support of either his Fourteenth Amendment claim or his Section 2 claim, these claims will be dismissed for failure to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's First Amendment retaliation claim alleged against Janis Marainis **REMAINS PENDING**. The remainder of Plaintiff's amended complaint [R. 8] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

2. As the claims against them have been dismissed, Shawn Ramey, Christopher Barker, and Keath Helton are **DISMISSED AS DEFENDANTS** from this action.

3.  The Clerk of the Court shall complete two AO Form 398 (*Notice of a Lawsuit and Request to Waive Service of a Summons*) and two AO Form 399 (*Waiver of the Service of Summons*) addressed to the Kentucky Department of Corrections on behalf of Defendant Janis Marainis.

4.  The Clerk of Court shall send by certified mail, return receipt requested, two copies each of the amended complaint [R. 8]; this Order; the AO Forms 398; and the AO Forms 399, to:

    Justice and Public Safety Cabinet
    Office of Legal Counsel
    125 Holmes Street, 2nd Floor
    Frankfort, KY 40601

5.  Counsel shall have 30 days after receipt of the foregoing documents to complete and file the Form AO 399 to waive service upon Defendant Janis Marainis.

    a.  If a Defendant files a formal waiver of service into the record, that Defendant shall have sixty (60) days after the waiver is filed to file an answer or other response to the Complaint.

    b.  If a waiver is not filed within 30 days, federal marshals will be directed to personally serve the Defendant and that Defendant shall file answer no later than twenty-one (21) days after service.

6.  Should counsel not represent the Defendant, the Court requests counsel to file, **under seal**, a forwarding or last known address for the Defendant so that it may ensure service.

7.  Buckler must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

8. If Buckler wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Buckler files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 25th day of July, 2023.



Gregory F. Van Tatenhove
United States District Judge