UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TROY BUCKLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22-cv-00055-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JANICE MORONES, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Atkins's Recommended Disposition on Mr. Buckler's Motions to View Documents. [R. 48.] Because Mr. Buckler fails to make any specific objections to Judge Atkins's Recommended Disposition, his Notice of Objections **[R. 49]** is **OVERRULED**, and the Recommended Disposition **[R. 48]** is **ADOPTED**.

I

Mr. Buckler is an inmate at Southeast State Correctional Complex in Wheelwright, Kentucky. Proceeding *pro se*, Mr. Buckler alleges that Defendant Morones sexually harassed and made lewd comments about him while he was confined in Little Sandy Correctional Complex. [R. 12.] The Court permitted his First Amendment retaliation claim to proceed, but dismissed the remainder of his amended complaint. *Id.* Mr. Buckler has since filed Motions to View Prison Rape Elimination Act (PREA) records subpoenaed from Little Sandy. [R. 43; R. 45; R. 48.]

Little Sandy determined that the documents were exempt from inspection under state and federal law and declined to provide them. [R. 48.] Judge Atkins agreed. *Id.* Accordingly,

Judge Atkins determined, Mr. Buckler failed to meet his burden of proof to compel production of the requested records. *Id.* Mr. Buckler has since filed a Notice of Objections to Judge Atkins's Order. [R. 49.]

## II

As an initial matter, objections to an R&R must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson,* 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater,* 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir.1997)). A general objection that does not identify a specific concern with the R&R is not permitted because it renders the Magistrates recommendations useless, duplicates the Magistrate's efforts, and wastes judicial economy. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir.1991). As a threshold issue, the Court recognizes that Mr. Buckler is proceeding *pro se* and therefore the Court applies a less stringent standard to his pleadings than would normally be applied for pleadings filed by an attorney. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Even so, the Court will overrule Mr. Buckler's objections. Mr. Buckler fails to identify any specific concern with Judge Atkins's R&R. Instead, he states that he should be permitted to view the requested documents because he will be unable to prove his case without them. [R. 49.] He asserts that Little Sandy violated "the rules" in denying him the right to view documents. *Id.* He additionally states that Defendant Morones "was aware that Plaintiff filed a PREA Complaint." *Id.* But as Judge Atkins pointed out initially, Mr. Buckler "has not provided evidence to indicate why these records are relevant or why the regulations and statutes should not apply to these documents." [R. 48.] Nor has Mr. Buckler identified any problem with Judge

2

Atkins's reasoning. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Atkins's Order at **[R. 48]** is **ADOPTED** as and for the Opinion and the Court; and

2. Mr. Buckler's Notice of Objections **[R. 49]** is **OVERRULED.**

This the 12th day of February, 2025.

Gregory F. Van Tatenhove
United States District Judge