UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TROY BUCKLER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22-cv-00055-GFVT-EBA |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JANICE MORONES, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Atkins's Recommended Disposition on Mr. Buckler's Motion for Summary Judgment. [R. 62.] Because Mr. Buckler's objections are neither specific nor persuasive, his Objections **[R. 64]** are **OVERRULED**, the Recommended Disposition **[R. 62]** is **ADOPTED**, and Buckler's Motion for Summary Judgment **[R. 53]** is **DENIED**.

**I**

Mr. Buckler is an inmate at Southeast State Correctional Complex in Wheelwright, Kentucky. Proceeding *pro se*, Mr. Buckler alleges that Defendant Morones sexually harassed and made lewd comments about him while he was confined in Little Sandy Correctional Complex. [R. 12.] The Court permitted his First Amendment retaliation claim to proceed, but dismissed the remainder of his amended complaint. *Id.* Mr. Buckler has since filed a Motion for Summary Judgment, in which he asserts that the Defendant has conceded the allegations in the Amended Complaint, that the government is withholding necessary evidence, and that various affidavits prove his allegations. [R. 53.] Judge Atkins disagreed, and filed a Disposition

recommending that Buckler's Motion be denied.  [R. 62.]  Mr. Buckler has since filed objections.  [R. 64.]

## II

As an initial matter, objections to an R&R must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson,* 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater,* 121 F.3d 709, 1997 WL 415309 at *2 (6th Cir.1997)).  A general objection that does not identify a specific concern with the R&R is not permitted because it renders the Magistrates recommendations useless, duplicates the Magistrate's efforts, and wastes judicial economy.  *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir.1991).  As a threshold issue, the Court recognizes that Mr. Buckler is proceeding *pro se* and therefore the Court applies a less stringent standard to his pleadings than would normally be applied for pleadings filed by an attorney.  *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Nevertheless, the Court will overrule his objections.  First, he fails to identify any specific concern with Judge Atkins's reasoning.  Second, his objections pertain to issues that are either irrelevant or have already been resolved.  Mr. Buckler nebulously asserts that the government is withholding documents, that information has not been provided, and that he should be permitted to present witness testimony.  He also takes issue with the denial of his prior Motions to Compel Documents and to Appoint Counsel.  The Court has already considered and resolved these issues multiple times.  [R. 10; R. 15; R. 48.]  Mr. Buckler does not explain how these now familiar objections cast any doubt on Judge Atkins's Recommendation.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Buckler's Objections **[R. 64]** are **OVERRULED**;

2. Judge Atkins's Recommended Disposition **[R. 62]** is **ADOPTED** as and for the Opinion of the Court; and

3. Mr. Buckler's Motion for Summary Judgment **[R. 53]** is **DENIED.**

This the 12th day of February, 2025.

Gregory F. Van Tatenhove
United States District Judge